**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| CHARLES PUTNEY, | : | **CIV. NO. 18-15716 (RMB)** |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY DEPARTMENT | : | |
| OF CORRECTIONS *et al.*, | : | |
| | : | |
| Defendants | : | |

**BUMB, DISTRICT JUDGE**

Plaintiff Charles Putney, a prisoner presently confined in Camden County Correctional Facility and formerly confined in Southern State Correctional Facility, brings this civil rights action under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1), which establishes his financial eligibility to proceed without prepayment of fees under 28 U.S.C. § 1915.

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action regarding prison conditions and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a

claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court will proceed the Complaint in part and dismiss it in part.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

2

556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A. The Complaint

Plaintiff alleges the following facts in his Complaint, accepted as true for purposes of screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1). The incidents Plaintiff alleges in support of the Complaint occurred on July 12, September 12 and October 14, 2018 at Southern State

Correctional Facility in Delmont, New Jersey. (Compl., ECF No. 1, §III.B.) Plaintiff alleges that Defendants New Jersey Department of Corrections, Sergeant Gilbert, Senior Corrections Officer ("SCO") Clark, and SCO Hand[1] conspired to violate Plaintiff's rights for the purpose of removing him from the minimum-security unit by bringing false charges that Plaintiff abused his medication by having too much in his possession, although they knew the medication was legally prescribed to Plaintiff. (Id., §III.C.) SCO Clark and SCO Hand wrote the charges, which were approved by Sergeant Gilbert. (Id.) Plaintiff was removed from the minimum-security unit. (Id.) Plaintiff, however, "beat the charges." (Id. at §IV.)

Next, Plaintiff alleges that the following defendants conspired to violate his rights by placing him in a program which required him to take medications in order to be eligible for halfway house placement: New Jersey Department of Corrections, Southern State Correctional Facility ("SSCF"), SSCF Medical Department, Connie Purcell, Jane Does 1-5, Psychologist Loddo and Psychologist Blackwell. (Id.) Plaintiff became immune to the medication. (Id.)

---

[1] Plaintiff sues each individual defendant in his or her individual capacity.

Plaintiff gave privileged information to Psychologist Loddo, who violated his confidentiality by telling Psychologist Blackwell and Connie Purcell not to give him any more medication and let him suffer because he wrote grievances against them. (Compl., ECF No. 1, §IIIC.) Plaintiff further alleges

> Now the Medical Dept. has and continues to violate the Plaintiff's Medical rights and his client/doctor privileges by disclosing his personal info to others where an inmate was made aware of said conversations and had brought it back to others including Plaintiff himself.

(Id., §IV.)

Plaintiff further alleges Defendant Connie Purcell violated his Eighth Amendment rights by telling the psychologist not to give him "his new meds or the old meds." (Id., §IIIC.) Plaintiff alleges Purcell did this because she thought Plaintiff "lied in order to get placed on said program." (Id.) Plaintiff contends Defendants' actions violated his right to confidentiality and his due process rights. (Id.)

B. Claims Under 42 U.S.C. § 1983

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes

5

> to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

   1. Defendants New Jersey Department of Corrections, Southern State Correctional Facility and SSCF Medical Department

"The Eleventh Amendment bars suits against state governments in federal courts." Fox v. Bayside State Prison, 726 F. App'x 865, 867 (3d Cir. 2018). Eleventh Amendment immunity extends to entities that are arms of the state. Id. The New Jersey Department of Corrections is an arm of the state protected from liability under the Eleventh Amendment. Id. at 867-68. A state prison that is wholly owned and operated by the Department of Corrections is also protected by the Eleventh Amendment. Id. at 868. Southern State Correctional Facility is a facility of the New Jersey Department

of Corrections.[2] See Ford v. Hughes, Civil No. 11-7029(RMB), 2012 WL 3228714 (D.N.J. Aug. 3, 2012) (dismissing § 1983 claims against Southern State Correctional Facility and New Jersey Department of Corrections as immune from suit under the Eleventh Amendment). The SSCF Medical Department is also part of a state agency and is immune under Eleventh Amendment. Further, a state prison and its medical department may not be sued under § 1983 because they are not "a person" within the meaning of 42 U.S.C. § 1983. Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (citing United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969), cert. denied, 396 U.S. 1046, (1970); Ruff v. Health Care Adm'r, 441 F. App'x 843, 845-46 (3d Cir. 2011) (per curiam) (same)). The Court will dismiss the claims against these Defendants with prejudice.

> 2. Fourteenth Amendment Due Process Right to Medical Privacy

"[P]rison inmates retain a Fourteenth Amendment substantive due process right to privacy in their medical information" … "subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security." Doe v. Delie, 257 F.3d 309, 317, 323 (3d Cir. 2001). The Complaint does not clearly state what

---

[2] Available at www.njdoc.gov.

private medical information was disclosed or who disclosed it to whom. Plaintiff should plead additional facts to establish that disclosure of his medical information was not done to achieve legitimate correctional goals or to maintain institutional security. The Court will dismiss Plaintiff's Fourteenth Amendment Due Process claim without prejudice.

        3.    Eighth Amendment Inadequate Medical Care Claims

"Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation." Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (quoting Estelle v. Gamble, 429 U.S. 97, 10 (1976) (quoting Gregg v. Georgia, 428 U.S. 153 (1976)). Allegations of malpractice or disagreement as to the proper medical treatment are insufficient to establish a constitutional violation. Id.

Deliberate indifference to serious medical needs may be shown where a medical professional intentionally inflicts pain on a prisoner or where a prison authority denies a reasonable request for medical treatment, exposing an inmate to undue suffering or threat of tangible residual injury or "where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care.'" Spruill, 372 F.3d at 235 (quoting

8

Ancata v. Prison Health Servs., 769 F.2d 700, 704 (11th Cir. 1985)) (alterations in original)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The Court will assume Plaintiff's medical need was serious because he alleges that he was prescribed medication "by the medical dept." and that he was required to take the medication before becoming eligible for halfway house placement. (Compl., ECF No. 1, §III.C) Plaintiff alleges Psychologist Loddo told Psychologist Blackwell and Connie Purcell not to give Plaintiff his "new meds or the old meds" "since he wrote everyone up telling on them about the mistake they made." (Id.) Because deliberate indifference may be shown by knowledge of a need for medical care accompanied by the intentional refusal to provide that care, the Eighth Amendment Claim may proceed against Defendant Psychologist Loddo [Defendant #6 in the Complaint].

Implicit in Plaintiff's allegations is that Psychologist Blackwell and Connie Purcell agreed not to give Plaintiff his medications in retaliation for his writing grievances. Refusing to provide medical treatment for a nonmedical reason may also establish deliberate indifference in support of an Eighth

9

Amendment claim. See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (noting deliberate indifference may be found where a defendant delays necessary medical treatment for a nonmedical reason). Therefore, Plaintiff's Eighth Amendment claims may proceed against Defendants Psychologist Blackwell and Connie Purcell. These Eighth Amendment claims against Loddo, Blackwell and Purcell may also proceed as First Amendment retaliation claims. See Watson v. Rozem, 834 F.3d 417, 422-23 (3d Cir. 2016) (writing prison grievances is constitutionally protected conduct).

Plaintiff also alleged that Defendant Connie Purcell "refused to give Plaintiff his meds stating he lied in order to get placed on said program." (Compl., ECF No. 1, §III.C.) Plaintiff does not describe the program he is referring to, nor does Plaintiff state whether Connie Purcell is a medical provider. Plaintiff does not provide enough information for the Court to analyze this claim against Purcell. If Plaintiff can provide additional relevant facts, he may file an amended complaint.

Plaintiff has not alleged the personal involvement of any other defendant in an Eighth Amendment violation for refusing to give him his prescribed medication. See Ruff v. Health Care Adm'r, 441 F. App'x 843, 846 (3d Cir. 2011) (dismissing § 1983 claims against defendants who were not personally involved with the plaintiff's medical treatment.)

### 4. First Amendment Retaliation Claims

Plaintiff alleges Defendants Sergeant Gilbert, SCO Clark and SCO Hand conspired together and "filed false reports and charges against the Plaintiff in order to get the Plaintiff removed from the minimum facility." (Compl., ECF No. 1, §IIIC.) SCO Clark and SCO Hand wrote the charges, which were approved by Sergeant Gilbert. (Id.) Plaintiff was removed from the minimum-security unit. (Id.)

To establish illegal retaliation for engaging in constitutionally protected conduct, a plaintiff must allege facts indicating that: "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." Watson, 834 F.3d at 422. Plaintiff has not pled any facts suggesting that he engaged in constitutionally protected conduct that was a substantial and motivating factor for the defendants' action of filing allegedly false charges against Plaintiff. The Court will dismiss the First Amendment retaliation claims against Defendants Gilbert, Clark and Hand without prejudice.

## III. CONCLUSION

For the reasons stated above, the § 1983 claims against Defendants New Jersey Department of Corrections, Southern State

11

Correctional Facility and SSCF Medical Department are dismissed with prejudice; Plaintiff's Eighth Amendment inadequate medical care claims may proceed against Defendant Psychologist Loddo, Psychologist Blackwell and Connie Purcell (the same claims may also proceed as First Amendment retaliation claims); Plaintiff's First Amendment retaliation claims against Defendants Gilbert, Clark and Hand are dismissed without prejudice, and Plaintiff's Fourteenth Amendment Due Process claims are dismissed without prejudice.

An appropriate order follows.

DATE: March 25, 2019

                                     s/Renée Marie Bumb
                                     **RENÉE MARIE BUMB**
                                     **United States District Judge**