```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE

CHARLES PUTNEY,                 :    CIV. NO. 18-15716 (RMB)
                                :
              Plaintiff         :
                                :
     v.                         :              OPINION
                                :
NEW JERSEY DEPARTMENT OF        :
CORRECTIONS, et al.,            :
                                :
              Defendants        :
```

**BUMB**, United States District Judge

On November 6, 2018, Plaintiff Charles Putney, a prisoner formerly confined at Southern State Correctional Facility, filed a civil rights action under 42 U.S.C. § 1983. (Compl., ECF No. 1.) On March 25, 2019, this Court issued an Opinion and Order, granting Plaintiff's IFP application and permitting Plaintiff's Eighth Amendment inadequate medical care claims to proceed against Psychologist Loddo, Psychologist Blackwell and Connie Purcell. (Opinion, ECF No. 6; Order, ECF No. 7.) On March 26, 2019, the Clerk of Court sent Plaintiff copies of United States Marshals Form 285 ("285 form(s)"), which Plaintiff was directed to complete and return so that the United States Marshals Office could serve the summons and complaint on the defendants. Service of the summons and complaint was due on June 24, 2019, pursuant to Federal Rule

of Civil Procedure 4(m). Plaintiff never returned the completed 285 forms.

I. DISCUSSION

Federal Rule of Civil Procedure 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

A court may *sua sponte* dismiss an action under Rule 41(b) for failure to prosecute. Parks v. Ingersoll-Rand Co., 380 F. App'x 190, 195-96 (3d Cir. 2010)

When dismissing an action as a sanction, a court should weigh the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3rd Cir. 1984).

A. Extent of the Party's Personal Responsibility

Plaintiff, as an unrepresented litigant, is solely responsible for prosecuting his civil rights action against the defendants. Plaintiff was required only to return the completed 285 forms, and the United States Marshals Office would then serve the summons and complaint on the defendants. The Clerk's Office provided Plaintiff with the necessary forms. (Transmittal of USM 285 Forms, ECF No. 9.)

B. Prejudice to the Adversary

Plaintiff has not returned any 285 Forms and the defendants have not been served with the complaint. Pursuant to Plaintiff's April 26, 2019 notice of change of address, he may not have received the 285 forms. (Notice, ECF No. 10.)

C. History of Dilatoriness

Plaintiff has taken only one step in prosecuting this action, filing the complaint.

D. Whether the Conduct of the Party Was Willful or in Bad Faith

It is not presently known whether Plaintiff's failure to prosecute this action was willful or in bad faith.

E. Effectiveness of Alternative Sanctions

3

Dismissal without prejudice is warranted to permit Plaintiff to show good cause for his dilatoriness.

F.  The Merits of the Claims or Defenses

The Court has permitted Plaintiff's complaint to proceed past screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

II. CONCLUSION

For the reasons discussed above, the Court will dismiss this action without prejudice for failure to prosecute.

An appropriate Order follows.

Dated: August 20, 2019

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**UNITED STATES DISTRICT JUDGE**